Appendix B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
_____ DIVISION

United States Courts
Southern District of Texas
FILED

MAR 1 5 2004

Michael N. Milby, Clerk

Shameka Andrea Smith

§
§
versus                                                  §
§
STATE BAR TEXAS                    §
1111 Fannin Suite 1370            §
Houston TX 77002                     §

**H-04-1012**

CIVIL ACTION NO. _____

**ORIGINAL COMPLAINT**

Attached As Exhibit A

# Exhibit A) COMPLAINT

United States Courts
Southern District of Texas
FILED

MAR 1 5 2004

Michael N. Milby, Clerk

The State BAR OF Texas Purposely withheld evidence from the Committee which was assighned to my grievance. The STATE BAR of Texas Promised Me a full and fair hearing which I wasnt given. The state Bar of Texas originally ruled that the Euidence I Presented Proved alleged Professional Misconduct by Counsel Cathleen C. Herasimchuk and Counsel Russell Hardin The evidence I Presented was and is facts These facts cant be discredited. Therefore the State Bar OF Texas Conspired Committing the crime of tampering with evidence, to Protect two attorneys which was in excellent standings with the STATE BAR OF TEXAS. If the Committe recieved all the evidence that I Presented, then the committee Made a Prejudiced decision which was not Made on facts or evidence but on a biased decision in favor of counsel and Counsel Alone. I've never recieved the full and fair hearing that Im entitled to have When I ask the State Bar to foward Me

A'rcose of the evidence which was
Presented to the Panel in MY behalf.
The STATE BAR OF TEXAS failed to do so.
The STATE BAR OF TEXAS has violated
every rule which they are governed by.

United States District of Texas
Southern District of Texas
FILED
MAR 15 2004
Michael N. Milby, Clerk

Case 4:04-cv-01012   Document 1   Filed in TXSD on 03/15/04   Page 4 of 22

(COMPLAINT EXHIBIT A)

This lawsuit is being filed due to Counsel's Professional malpractice and Professional misconduct. Counsel has charged exhorbitant fees counsel has falsified bills, by changing the original charges to a exhorbitant higher fee. Counsel has showed Negligence towards me as their client. Counsel has showed bad and dishonest representation. I have also filed against Counsel at the STATE BAR OF TEXAS. Whom I'm also currently filing a lawsuit against for prejudicedness and tampering with evidence during those proceedings. The foul play in those proceedings is the result of this lawsuit. I can only pray that these will be fair and just procedures. If you will look on page you will find bills of statements. These Bills of statements are addressed to Susie Bowers a dear friend of mine whom my mother Rhelda Neal Smith had been employed by for 20 years or more. Ms. Susan Bowers paid the 25.000 retainer fee to Russell Hardin and Cathlee J Herasimchuk in behalf of me due to My incarceration.

In these (                              ) how counsel changed the original fees to a more exhorbitant falsified fee. On pages thru 1-4 you will find this evidence to support this claim.



Susanne R. Bowers

Fed Tax ID #76-0504729
Invoice # 10405
Client/Matter No.1098.01
August 10, 1999

Re: SOT vs. Shameka Smith; Cause No. 758985-A

STATEMENT

Page      2

| | | | HRS/RATE | AMOUNT |
|---|---|---|---|---|
| 4/21/98 | CH | Finish Rhelda's Affidavit; revise and edit. | 0.75<br>250.00/hr | 187.50 |
| 4/26/98 | CH | Began drafting writ of Habeas Corpus. | 2.75<br>250.00/hr | 687.50 |
| | CH | Began drafting Shameka Smith's affidavit. | 1.75<br>250.00/hr | 437.50 |
| 4/27/98 | RH | Meeting with Johnny Bonds. | 0.50<br>350.00/hr | 175.00 |
| 5/22/98 | CH | Finish writ of Habeas Corpus. | 3.25<br>250.00/hr | 812.50 |
| 6/10/98 | CH | Telephone conference with Susie Bowers. | 0.50<br>250.00/hr | 125.00 |
| 6/15/98 | AD | Locating and scheduling interview with Shameka. | 0.50<br>200.00/hr | 100.00 |

Susanne R. Bowers

Fed Tax ID #76-0504729
Invoice # 10357
Client/Matter No.1098.01
September 18, 1998

Re: SOT vs.

## STATEMENT

Page    2

| Date | | Description | HRS/RATE | AMOUNT |
|---|---|---|---|---|
| 4/21/98 | CH | Finish Rhelda's Affidavit; revise and edit. | 0.75 250.00/hr | 187.50 |
| 4/26/98 | CH | Began drafting writ of Habeas Corpus. | 2.75 250.00/hr | 687.50 |
| | CH | Began drafting Shameka Smith's affidavit. | 1.75 250.00/hr | 437.50 |
| 4/27/98 | RH | Meeting with Johnny Bonds. | 0.50 300.00/hr | 150.00 |
| 5/22/98 | CH | Finish writ of Habeas Corpus. | 3.25 250.00/hr | 812.50 |
| 6/10/98 | CH | Telephone conference with Susie Bowers. | 0.50 250.00/hr | 125.00 |
| 6/15/98 | AD | Locating and scheduling interview with Shameka. | 0.50 150.00/hr | 75.00 |



3

Susanne R. Bowers

Fed Tax ID #76-0504729
Invoice # 10405
Client/Matter No.1098.01
August 10, 1999

Re: SOT vs. Shameka Smith; Cause No. 758985-A

S T A T E M E N T                                  Page          3

|           |     |                                                                                                                | HRS/RATE              | AMOUNT    |
|-----------|-----|----------------------------------------------------------------------------------------------------------------|-----------------------|-----------|
| 6/16/98   | AD  | Travel to interview; second review of entire affidavit with Shameka; changes to affidavit.                     | 6.00<br>200.00/hr     | 1,200.00  |
| 6/17/98   | AD  | Revised Shameka's affidavit.                                                                                   | 0.75<br>200.00/hr     | 150.00    |
| 7/1/98    | AD  | Telephone call to Connie Williams about Shameka's co-defendant; telephone call to David Wyborny about Shameka's co-defendant. | 0.50<br>200.00/hr     | 100.00    |
| 7/10/98   | AD  | Letter and affidavit to Shameka; corrections to writ and Rhelda affidavit.                                     | 1.00<br>200.00/hr     | 200.00    |
| 7/27/98   | AD  | Public information act request to Harris County District Attorney's office; research about request.            | 0.50<br>200.00/hr     | 100.00    |
| 7/30/98   | AD  | Meeting with Rhelda at office about her affidavit; made correction; Rhelda signed and sworn.                   | 0.50<br>200.00/hr     | 100.00    |
| 8/3/98    | RH  | Telephone conversation with Connie Williams re: defense of Shameka's co-defendant and Shameka's involvement in offense. | 1.00<br>350.00/hr     | 350.00    |

*They were cheating us all along counting on the fact that MS. Bowers wouldn't notice!! There's more*

*3*

Susanne R. Bowers

Fed Tax ID #76-0504729
Invoice # 10357
Client/Matter No.1098.01
September 18, 1998

Re: SOT vs.

S T A T E M E N T                    Page          3

| Date | | Description | HRS/RATE | AMOUNT |
|---|---|---|---|---|
| 6/16/98 | AD | Travel to interview; second review of entire affidavit with Shameka; changes to affidavit. | 6.00 150.00/hr | 900.00 |
| 6/17/98 | AD | Revised Shameka's affidavit. | 0.75 150.00/hr | 112.50 |
| 7/1/98 | AD | Telephone call to Connie Williams about Shameka's co-defendant; telephone call to David Wyborny about Shameka's co-defendant. | 0.50 150.00/hr | 75.00 |
| 7/10/98 | AD | Letter and affidavit to Shameka; corrections to writ and Rhelda affidavit. | 1.00 150.00/hr | 150.00 |
| 7/27/98 | AD | Public information act request to Harris County District Attorney's office; research about request. | 0.50 150.00/hr | 75.00 |
| 7/30/98 | AD | Meeting with Rhelda at office about her affidavit; made correction; Rhelda signed and sworn. | 0.50 150.00/hr | 75.00 |
| 8/3/98 | RH | Telephone conversation with Connie Williams re: defense of Shameka's co-defendant and Shameka's involvement in offense. | 1.00 300.00/hr | 300.00 |

*They changed*
*this whole page*
*of proces*

*PG3*

# RUSTY HARDIN & ASSOCIATES, P.C.
### 1201 LOUISIANA, SUITE 3300
### HOUSTON TX 77002
### (713) 652-9000

Susanne R. Bowers
230 Pine Shadows
Houston TX 77056

Fed Tax ID#76-0518681
Invoice # 10405
Client/Matter No. 1098.01
August 10, 1999

In Reference To:  SOT vs. Shameka Smith; Cause No. 758985-A

## STATEMENT
## DUE UPON RECEIPT

|  |  |  | HRS/RATE | AMOUNT |
|---|---|---|---|---|
| 12/8/97 | CH | Interview in jail with client. | 2.00<br>250.00/hr | 500.00 |
|  | RH | Interview in jail with  client. | 2.00<br>350.00/hr | 700.00 |
| 1/21/98 | CH | Read and summarize testimony from sentencing proceeding. | 1.75<br>250.00/hr | 437.50 |
| 4/14/98 | CH | Meet with Rhelda Smith; begain drafting her affidavit. | 1.50<br>250.00/hr | 375.00 |
| 4/20/98 | CH | Continue work on Rhelda Smith's affidavit. | 1.50<br>250.00/hr | 375.00 |



RUSTY HARDIN & ASSOCIATES, P.C.
1201 LOUISIANA, SUITE 3300
HOUSTON TX 77002
(713) 652-9000

Susanne R. Bowers
230 Pine Shadows
Houston TX 77056

Fed Tax ID#76-0518681
Invoice # 10357
Client/Matter No. 1098.01
September 18, 1998

In Reference To:  SOT vs.

STATEMENT
DUE UPON RECEIPT

| | | | HRS/RATE | AMOUNT |
|---|---|---|---|---|
| 12/8/97 | CH | Interview in jail with client. | 2.00 250.00/hr | 500.00 |
| | RH | Interview in jail with client. | 2.00 300.00/hr | 600.00 |
| 1/21/98 | CH | Read and summarize testimony from sentencing proceeding. | 1.75 250.00/hr | 437.50 |
| 4/14/98 | CH | Meet with Rhelda Smith; begin drafting her affidavit. | 1.50 250.00/hr | 375.00 |
| 4/20/98 | CH | Continue work on Rhelda Smith's affidavit. | 1.50 250.00/hr | 375.00 |

Susanne R. Bowers

Fed Tax ID #76-0504729
Invoice #  10357
Client/Matter No.1098.01
September 18, 1998

Re: SOT vs.

# STATEMENT

Page                     4

| | | | HRS/RATE | AMOUNT |
|---|---|---|---|---|
| 8/17/98 | AD | Affidavit revised; letter to Shameka. | 3.25 150.00/hr | 487.50 |
| | AD | Telephone call to Rhelda Smith about Affidavit. | 0.25 150.00/hr | 37.50 |
| 8/24/98 | AD | Third Letter to Shameka re: affidavit. | 1.00 150.00/hr | 150.00 |
| | AD | Telephone call to Rhelda about subpoena/letter referenced in Shameka's affidavit. | 0.25 150.00/hr | 37.50 |
| 9/9/98 | AD | Telephone call to Susie Bowers re: Shameka having cancer and status of writ. | 0.25 150.00/hr | 37.50 |
| | | **TOTAL LEGAL FEES DUE** | 34.00 | $7,200.00 |

Susanne R. Bowers

Fed Tax ID #76-0504729
Invoice # 10405
Client/Matter No.1098.01
August 10, 1999

Re: SOT vs. Shameka Smith; Cause No. 758985-A

S T A T E M E N T

Page        4

| Date | | Description | HRS/RATE | AMOUNT |
|------|---|-------------|----------|--------|
| 8/3/98 | RH | Conference with Cathy Herasimchuk re: telephone conversation with Connie Williams and his defense of Shameka's co-defendant, and his view of Shameka's involvement in offense. | 1.00 350.00/hr | 350.00 |
| 8/17/98 | AD | Affidavit revised; letter to Shameka. | 3.25 200.00/hr | 650.00 |
| | AD | Telephone call to Rhelda Smith about Affidavit. | 0.25 200.00/hr | 50.00 |
| 8/24/98 | AD | Third Letter to Shameka re: affidavit. | 1.00 200.00/hr | 200.00 |
| | AD | Telephone call to Rhelda about subpoena/letter referenced in Shameka's affidavit. | 0.25 200.00/hr | 50.00 |
| 9/9/98 | AD | Telephone call to Susie Bowers re: Shameka having cancer and status of writ. | 0.25 200.00/hr | 50.00 |
| 12/18/98 | CH | Letter to Shameka- update. | 0.25 250.00/hr | 62.50 |

I asked counsel to return my whole file, along with a bill of cost, with no frivolous bills made up. Counsel failed to do so. I asked counsel for the name of the alleged detective hired and copies of all information found. I asked counsel to return half of my retainer fee, which would be $12,500.00. Counsel refused this also. This fee was paid to represent me on my writ from beginning to end. This counsel did not do. Counsel just stopped when they chose to make false statement of the law, knowingly. Now I ask that my whole retainer fee be returned of $25,000.00, because it hasn't been earned. Counsel Cathlene Herasimchuk went to be a judge in the court of Criminal Appeals in which I didn't find out until I received a letter from Andy Drumheller, which you will find on page 5 . When a lawyer can no longer represent a client due to a conflict of interest a counsel must release themselves from the client's case by informing the client that they are no longer able to represent them. This Cathlene C. Herasimchuk never did. For this counsel was ineffective also. In the partial file that I received from Rusty Hardin, I found that Andy Drumheller, filed a motion to supplement my application for Writ of Habeas Corpus, on June 23, 1998. I did not hire Andy Drumheller to represent me on my writ, so therefore he should not have filed anything in my behalf. This shows counsel was to busy to attend to what I hired them to do. I also show in the ▉▉ letters on pages 6 through 11 of counsel businesses. Therefore the person I was informed was only their leg man for the firm, (which consisted of delivering papers for me to sign) somehow filed this motion, (▉▉▉▉▉▉) Surely Mr. Drumheller did not sign his name to work he did not do. I never hired him. It only makes me wonder what other part of my writ did be prepare, and counsel signed their name, as if it was their work. This I can not prove, but, I do question this matter. In my opinion counsel has been ineffective in other areas, you will find on pages 6 through 11 . For counsel knowingly informing me of false statements of the law and material of fact violates the rules set out by the STATE BAR OF TEXAS. Counsel intentions were to mislead me, due to the lack of knowledge I had at that time about the law counsel succeeded. Now I must file for an extension to the 5th circuit court. Rules Of The Texas State Bar As Listed Below.

Counsel also violated 1.01. To give me competent and diligent representation. Competent and diligent representation doesn't consist of knowingly misinforming a client of the law. Counsel violated rule 1.01 by continually neglecting the responsibilities owed to me as a client. Counsel showed no regards to but disregarded my every request to meet with them concerning my writ when I requested my file from counsel. Counsel Rusty harden showed no interest to promptly reply and comply with my request for information which violates rule 1.03. Rule 1.03 also states counsel shall explain a matter to the extent reasonably and necessary to permit the client to make informed decisions regarding the representation. This rule counsel violated when counsel consciously decided to knowingly misinform me of my rights within the law, instead of explaining my rights to me within the law and allowing me to make a conscious decision instead

of making it for me because of counsel's mere opinion that counsel assumed I wouldn't be granted relief in the next level of courts. Rule 1.15 states when declining or terminating representation counsel shall take steps to the extent reasonably to protect clients interest such as giving reasonable notice of termination representation, and surrendering papers which the client is entitled to and refunding any advanced payments fee's, that was not earned. Counsel violated this rule when Ms. Herasimchuk never informed me she could no longer represent me when she was appointed to be a Judge, and when she failed to return the unused portion of the $25,000.00 retainer fee, paid to both counsels to represent me. At this point counsel had already misinformed me of the law, but, counsel was still my attorney. She hadn't released herself properly from representing me. You will see I was informed by Andy Drumheller that counsel took the bench as a Judge on page 5 . This is why I've asked for a change of venue for this lawsuit because there is prejudice in the Texas Judicial System due to counsel's position as a Judge. You will also see there how counsel Rusty Hardin, procrastinated in responding to my letters from November of 2002 and didn't respond until February 2003. This was 3 months later. This was not a prompt reply. Counsel violates rule 2.01 when being an advisor, counsel should render candid advice to clients and exercise independent professional Judgment. Nowhere does it state, make decisions for your client. Counsel violated this rule when counsel took it upon counsel's self to decide not to go fourth to the 5th circuit or Supreme Court, and gave me erroneous information of the law within my rights. Counsel could of explained their professional judgment to me, but, the final decision was to be made by be and not counsel. For all of the above facts, the State Bar of Texas found ~~guilty~~ (~~not~~ ) Alleged Professional Misconduct) Look on page 12-15 Now I ask the Court to find counsel guilty and sanction counsel to refund my twenty five thousand dollars fee. This fee was paid to counsel to represent me and counsel did not do as I hired them to do. This shows false representation and twenty five thousand dollars was not paid for false representation. The State BAR oF TEXAS has recently found Counsel Not guilty oF Professional Misconduct, only due to the State BAR oF TEXAS Prejudiceness.

PGS

**RUSTY HARDIN & ASSOCIATES, P.C.**

ATTORNEYS AT LAW
1201 LOUISIANA, SUITE 3300
HOUSTON, TEXAS 77002-5609
(713) 652-9000
FAX (713) 652-9800

**FILE COPY**

RUSTY HARDIN
BOB GALATAS
ANDY DRUMHELLER
JOE M. RODEN

OF COUNSEL
ANDY RAMZEL

December 30, 2002

By Regular Mail

Ms. Shameka Smith
No. 807525
1401 State School Road
Gatesville, Texas 76599

Dear Ms. Smith:

I am writing in response to the letters you sent on November 18, 2002 and December 11, 2002. Rusty has received both letters, however, he is out of the office until January 6, 2002. There is no need for you to send additional copies of the same letter unless you have some additional questions for Rusty.

Also, I wanted to make sure that you are aware that Ms. Cathleen Herasimchuk is no longer working with our firm. She was appointed to the Court of Criminal Appeals as a judge in 2001. In November of this year, she was elected to retain her place on the court.

I will remind Rusty that you are waiting for his response as soon as he returns.

Sincerely,

Andy Drumheller

**RUSTY HARDIN & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
1201 LOUISIANA, SUITE 3300
HOUSTON, TEXAS 77002-5609
(713) 652-9000
FAX (713) 652-9800

RUSTY HARDIN
—
BOB GALATAS

OF COUNSEL
CATHLEEN C. HERASIMCHUK
TEXAS BOARD OF LEGAL SPECIALIZATION
BOARD CERTIFIED CRIMINAL LAW

July 29, 1998

Ms. Shameka Smith, TDC #807525
South Regional Medical Facility
Route 4, Box 1174
Dickinson, Texas 77539

Dear Shameka:

I received your handwritten letter yesterday, July 28, 1998. I have provided copies of your letter to Rusty and Cathy. By checking the postmark on your letter, I discovered that it took exactly one day for your letter to reach us by mail. I was glad to learn that there is no reason to expect delay for information you send from the medical facility in which you are being held.

*You must return your affidavit immediately.* I spent approximately two and one half hours with you in June reviewing your affidavit line-by-line. I made explicit notes on my copy of the affidavit about the corrections you wanted to make while you reviewed the copy of the affidavit I provided to you. After returning to the office in Houston, I made all of the corrections you requested. Those corrections are reflected in the affidavit I sent to you on July 10, 1998.

I understand and respect your need to make corrections. That is why I asked you whether you wanted to suggest and dictate any other corrections before the end of our meeting at the medical facility in June. I will make the additional corrections you mentioned in your last letter once you return the affidavit to me in the self-addressed and stamped envelope I provided for you.

*Do not delay in returning your affidavit. Do not delay in returning the "revised" affidavit I will send to you after I make your final corrections.* We cannot file your writ in state court until we have your signed affidavit. If your writ is denied in state court, we want to preserve our right to file the writ in federal court. The time we will have to file the writ in federal court *decreases* each day that we wait to receive your affidavit.

Rusty and Cathy are currently involved in a jury trial that will probably not end until next week. After that trial ends, Rusty and Cathy will have a short time to prepare for a two month federal criminal trial that begins in September. They may, or may not, have an opportunity to meet with you in person before the federal criminal trial begins.

However, Rusty and Cathy will meet with you prior to the writ hearing to discuss the proceeding and your testimony. When that meeting occurs will depend on when the writ is set for a hearing. The writ cannot be set for a hearing until we receive your signed affidavit. In the mean time, please write Rusty and Cathy with your questions and they will respond. I will also be happy to visit you and answer your questions in person should that need arise.

Thank you for your cooperation.

Sincerely,

Andy Drumheller

P67

PG3B

# RUSTY HARDIN & ASSOCIATES, P.C.

ATTORNEYS AT LAW
1201 LOUISIANA, SUITE 3300
HOUSTON, TEXAS 77002-5609
(713) 652-9000
FAX (713) 652-9800

RUSTY HARDIN
BOB GALATAS

OF COUNSEL
CATHLEEN C. HERASIMCHUK
TEXAS BOARD OF LEGAL SPECIALIZATION
BOARD CERTIFIED CRIMINAL LAW

August 17, 1998

Ms. Shameka Smith, TDC #807525
Sycamore Unit
1401 State School Road
Gatesville, Texas 76599

Dear Shameka:

I received your letters labeled #1 and #2 this morning of August 17, 1998. I made all of the corrections you listed in your letter. Although the order of the words may not appear exactly as you instructed, the corrections reflect the meaning of your changes to the best of my ability.

Please review the enclosed affidavit immediately. If the affidavit is true and correct, sign it and have it notarized. If you do not have a notary public available to you, sign the affidavit and write on the affidavit that you do not have a notary public available to you.

Do not delay in returning your signed affidavit. To repeat the message of my last letter to you, the writ cannot be filed in state court until we have received your signed affidavit. If your writ is denied in state court, we want to preserve your right to file the writ in federal court. The time we will have to file the writ in federal court *decreases* each day that we wait to receive your affidavit. If you continue to delay in returning a signed affidavit, *you will waive* in other words give up) your right to pursue the writ of habeas corpus in the federal courts should the state courts deny your request.

I have passed on your concern (and your letters) to Rusty and Cathy regarding a future meeting. As I indicated in my last letter, they may or may not be able to meet with you before the federal criminal trial begins. However, they will meet with you prior to the writ hearing to discuss the proceeding and your testimony. As I mentioned in my last letter, I will be happy to meet with you in person to answer your questions should that need arise.

In your letter you asked "What is going on with my case?" The answer to that question is as follows: Rusty and Cathy have completed the legal research and writing of your writ for the courts to consider; I met with your mother to review her affidavit and she signed her affidavit; I have made two sets of corrections to your affidavit since our meeting in June and have been waiting for your reply since July 10, 1998. That, in short, is what is going on with your case.

Once we receive your signed affidavit, the writ will be filed in state court. After we file the writ, we will be notified by the court about when the writ will be set for a hearing. We will notify you and your mother about that date as soon as we are notified by the court. Again, the court will not set a date until the writ is filed. We cannot file the writ until we receive your signed affidavit.

Sincerely,

A Drum~

Andy Drumheller

1098.01/004

**RUSTY HARDIN & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
1201 LOUISIANA, SUITE 3300
HOUSTON, TEXAS 77002-5609
(713) 652-9000
FAX (713) 652-9800

RUSTY HARDIN
BOB GALATAS

OF COUNSEL
CATHLEEN C. HERASIMCHUK
TEXAS BOARD OF LEGAL SPECIALIZATION
BOARD CERTIFIED CRIMINAL LAW

February 24, 1998

Ms. Shameka Smith
TDC # 807525
Dorm 3A Bed 39
Terrace Unit
1401 State School Road
Gatesville, TX 76599-2999

Dear Shameka:

You have not heard from us because we have been waiting for you to send us what we asked for in our first meeting—namely, a detailed recitation of each and every meeting or conversation you had with Mr. Everitt Smith, your first attorney. We have made clear to both you and your mother that we need this information in order to proceed knowledgeably in the pursuit of your appeal. We have been informed by your mother that you have twice mailed such a document to her but it has never been received. We have made clear that it needs to be mailed to us directly.

I quite agree when you say that you don't understand how the two of us are representing you without any client-counsel correspondence. That is what we have been waiting for from you for several months. It is not because we are too busy that you have not heard from us, it is because we have made clear to you repeatedly, first to you and then to your mother, that we need the requested information from you in order to properly proceed.

I must admit that I am a little offended by the tone of your letter of February 15th. It is awfully early in the process of our representation for you to be sending us snitty letters. If you feel that you want someone else to represent you, we will be glad to return our retainer to Ms. Susie Bowers and write off the time and expenses already incurred on your behalf. On the other hand, if you do want us to continue to represent you, then you are going to have to be more courteous and less accusatory in your dealings with us. Life is too short for us to spend our time on a client who does not provide us with the necessary information we requested but chooses instead to write us accusatory letters. I realize that you feel frustrated and wrongly treated and I understand your desire to have things move as quickly as possible. You, however, are going to have to do your own part to help yourself and remember that you are initially in this difficulty because you

Exhibit

C

PG 9

you to take your time, to make sure everything has been done correctly, for this appeal procedure. Please don't think my intentions are for you to rush through these procedures because they aren't. It's just frustrating at times not knowing whats occurring. This is the reason, why I asked was it possible for us to have a meeting once a month. If that is not possible, could you please keep my mother informed on things, and she will inform me of it. Again you have my most deepest apology. I appreciate everything you've already done and are doing. I appreciate you helping me and you have my active cooperation. I greatly appreciate everything once again. I hope you receive this letter in a timely manner.

Sincerely yours,
Shameka Smith
TDC#800525 Shameka Smith

2

MAR 24 1998

Shameka Smith
Terrace Unit
1401 State School Road
Gatesville Texas 76599

March 3, 1998
Rusty Hardin
Cathleen C. Herasimchuk
1201 Louisiana Suite 3300
Houston Texas 77002-5607

Subject: Reply to the letter, I received on March 3, 1998.

Dear Rusty Hardin & Cathleen C. Herasimchuk
I'm writing concerning the letter I received on March 3, 1998. I have enclosed a detailed recitation that you requested from me. I would like to give the both of you my deepest apology; The intention of my letter was not to offend you. I'm deeply sorry you felt that way. I greatly appreciate the both of you taking my case, and I have no desire to find other legal representation. I do not want for you to rush through this process, I completely understand this appeal procedure could extend over (9) nine months. I want for

1

May 13, 1998

Ms. Shameka Smith
TDCJ #807525
Sycamore Unit, Dorm 3B, Bed #5
1401 State School Road
Gatesville, Texas 76599

Dear Shameka,

Thank you so much for your very lengthy letter setting out all of the facts of your relationship with Mr. Smith. I was going to simply attach it, written in your own handwriting, to a shorter sworn affidavit, but your Mother told me that you thought there were a few inaccuracies in the hardwritten version. I hope that I have corrected all of those in the present typed version that I am enclosing for your review.

I had tried to come up to Gatesville a couple of weeks ago to see you in person, but when I called early on that Thursday morning, the administrator told me on the phone that they weren't able to locate you and that you might have been taken back down to Galveston. She also said that I needed to call at least 24 hours in advance for an appointment. I have been out of town or tied up with appointments every day since then. I now have to fly up to Wyoming for five days on behalf of another client, but I thought I could at least mail this draft of an affidavit to you in the hope that you are still in Gatesville right now.

Please look over the affidavit very, very carefully. Remember that you must swear to the truth of everything in this document so you want to be sure that it is absolutely correct. Please feel free to make whatever changes, additions, or deletions you think necessary. I have added in a couple of paragraphs at the end because of legal requirements, but if think that any of those statements are wrong or incorrect, please do change them or write me a note as to why anything should be taken out.

Rusty has talked to the D.A. investigators about you and your case. They simply think that you did not tell them the truth and did not cooperate with the investigation. They don't have

any independent reason to think you were involved in the robbery, except for Natasha's testimony and the fact that you weren't truthful with them

I have finished your Mother's affidavit and will help Sam Wilson write one as well. I am also working on the draft of the writ of habeas corpus. Since you have only one single opportunity to file a writ of habeas corpus, I want to delay filing it for another month or so because you can never file another one after this one and we want to make sure that we aren't ignoring any possible legal or factual basis. Sometimes it is better to go very slowly and think very carefully about what we're doing rather than rushing into something knowing that we can never start all over again.

We are also going to have a private investigator look into Natasha and Michelle to see if either of them are now out on the street telling people the truth about your lack of involvement in Mr. Luu's robbery and death and of Natasha's actual involvement. Please do not speak to anyone (except your Mother whom we have already told) about this because if word should get back to Natasha or Michelle, we would have no hope of them talking frankly to anyone.

I will be in Houston between Tuesday and Friday of next week, but then I have to go to Colorado for ten days and won't be back until the end of the second week in June. Please write to me immediately if you are transferred back down to Galveston as I could probably break away from my office appointments for an afternoon, but I don't think I have a full day free to come up to Gatesville between now and the time I get back from Colorado. I would certainly like to see you in person and visit more about your affidavit and filing the writ of habeas corpus and answer any questions you may have about the progress that we're making on your behalf. It's just that I don't have a whole day free from appointments in the next several weeks to come up to Gatesville.

In the meantime, however, please feel free to write us with any questions or concerns that you might have. I look forward to seeing you in the near future.

Sincerely,

Cathy Herasimchuk

Shaneka Andrea Smith
TDC # 804 159.5
Texas City S.R.M.F.
Route 4 Box 1114
Dickinson, Texas, 77539

To: Rusty Hardin & Cathleen C. Herasimchuk

(Subject: Requesting a client-counsel meeting)

Dear Rusty & Cathleen

I'm writing you concerning the Writ of Habeas. I would greatly appreciate it if the both of you could come and visit me, and go over the Writ of Habeas before filing it. At this present time I'm making corrections on the affidavit Andy Drumheller sent me. I will return the affidavit to him as soon as I finish all the corrections. I have a numerous amount of questions, that I would like to ask the both of you. So therefore I hope you will be able to take the time out to come and have a client-counsel meeting with me. I've been in and out of the hospital for the past month and a half, and I really haven't been in the best of health. So please forgive me for not getting the affidavit to you sooner, but as soon as I'm through correcting it, I will send it to you. I appreciate all of your help, and I hope to see you soon.

Thank You,
Shaneka Smith
Shaneka Smith